
FILED
2005 Mar-18 PM 03:16
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JENNIFER JACKSON, | ] |
| Plaintiff, | ] |
| vs. | ] CV-04-CO-03228-S |
| USAUTO HOLDINGS, INC., et al., | ] |
| Defendants. | ] |

MEMORANDUM OF OPINION

I.   Introduction.

Plaintiff filed suit against the defendants in the Circuit Court of Jefferson County, Alabama, Bessemer Division, on October 13, 2004.  In her complaint, Plaintiff asserts what she claims to be the state law causes of action of fraud (Count I), malicious conversion (Count II), violations of the UCC and other state statutes (Count III), negligence (Count IV), violation of the Alabama Deceptive Trade Practices Act (Count V), invasion of privacy (Count VI), and criminal acts of third parties (Count VII).

The defendants, who had then been served with the complaint ("removing defendants"), removed the action to this Court on November 16,

2004, asserting jurisdiction pursuant to 28 U.S.C. § 1331 (federal question). (Doc. # 1.)  Plaintiff filed a motion to remand (Doc. # 8) on December 15, 2004.  The motion is ripe for decision.

Upon due consideration, and for the reasons that follow, the Court is of the opinion that the motion is due to be granted.

II.     Factual Summary.

According to Plaintiff, defendant Sue Trammell ("Trammell"), was in the business of arranging "subleases" between automobile owners who are "overextended" or have negative equity in their automobiles and consumers like the plaintiff. (Compl.)  On January 31, 2001, Plaintiff entered into an agreement (the "transaction") whereby she would sublease a vehicle from such an owner.  (Compl.)  Plaintiff maintains that as part of the agreement, the ownership of the vehicle was to ultimately be transferred to her. (Compl.)

Plaintiff asserts that certain of the defendants committed fraud as well as various other state-law torts in the transaction and associated conduct. In part, she accuses the defendants of fraudulently failing to disclose to her that the transaction "violates numerous regulations . . . ." (Compl. at ¶ 32.)

Plaintiff maintains that her claim of fraud is in part based on the defendants failure to disclose to Plaintiff the fact that required disclosures under the Federal Odometer Act ("FOA"), the Truth in Lending Act ("TILA"), and Federal Regulations dealing with warranty disclaimers were not made in the transaction.  Plaintiff also points to several other facts, not related to the violation of federal statutes or regulations, that she contends were fraudulently suppressed by the defendants. (Compl.)

III.   Standard for Remand.

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994).  For removal to be proper, the court must have subject-matter jurisdiction in the case.  "Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).  In addition, the removal statute must be strictly construed against removal, and any doubts should be resolved in favor of remand.  See *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994).

The removing defendants bear the burden of establishing subject-matter jurisdiction.  See *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921) (stating that the defendant bears the burden of proving subject-matter jurisdiction in removed actions).

IV.   Discussion.

The removing defendants invoke the Court's jurisdiction pursuant to 28 U.S.C. § 1331 (federal question) as the basis for removal.  Plaintiffs contest the jurisdiction of the Court.

Federal question jurisdiction requires that the "action aris[e] under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  The analysis of federal question jurisdiction begins with the principle that the plaintiff "is master to decide what law he will rely upon." *The Fair v. Kohler Die & Speciality Co.*, 228 U.S. 22, 25 (1913), overruled on other grounds by *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1 (1983).  Plaintiffs can choose to rely solely on state law even if federal law provides a cause of action as well.  *Campbell v. Gen. Motors Corp.*, 19 F. Supp. 2d 1260, 1271 (N.D. Ala. 1998).   "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint

rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar,* 482 U.S. at 392.

Plaintiff included only state law causes of action in her complaint. "As an initial proposition, then, the 'law that creates the cause of action' is state law, and original federal jurisdiction is unavailable unless it appears that some substantial, disputed question of federal law is a necessary element of one of the well-pleaded state claims, or that one or the other claim is 'really' one of federal law." *Franchise Tax Bd.,* 463 U.S. at 13. "To bring a case within [federal-question jurisdiction] a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action. The right or immunity must be such that it will be supported if the Constitution or laws of the United States are given one construction or effect, and defeated if they receive another." *Gully v. First Nat. Bank,* 299 U.S. 109, 112 (1936) (citations omitted). As confirmed by the Eleventh Circuit Court of Appeals, "[i]n limited circumstances, federal question jurisdiction may also be available if a substantial, disputed question of federal law is a necessary element of a

state cause of action." *City of Huntsville v. City of Madison*, 24 F.3d 169, 172 (11th Cir. 1994) *citing Franchise Tax Bd.*, 463 U.S. at 12.

The removing defendants contend that Plaintiff's fraud claim depends on the interpretation of certain federal statutes and regulations. If the statutes and regulations are found to apply to the transaction, disclosures would have been required. However, if they do not apply, the disclosures would not have been required. Thus the removing defendants assert that there exists a substantial disputed question of federal law.

Plaintiff argues that she has not presented a federal question. In support of this position, she points to the fact that she has not sought relief pursuant to the federal statutes. Further, Plaintiff argues that her state law claims are supported by more than the failure to disclose violations of the federal statutes and regulations. She thus concludes that the violations of the federal statutes and regulations are not "essential" elements in her state law claims.

The test to determine whether there exists a substantial disputed question of federal law is a measure of degree. See, e.g., *Ayres v. General Motors Corp.*, 234 F.3d 514 (11th Cir. 2000). The *Ayers* court found the

interaction of the National Traffic and Motor Vehicle Safety Act ("Safety Act") and the federal mail and wire fraud statutes to be a "matter of considerable magnitude and substantial federal interest." *Id.* at 520. The court concluded that "[t]he particular controversy in [that] case [made it] one of those exceptional cases requiring that [they] decide 'a federal question substantial enough to confer federal question jurisdiction.'" *Id.* at 519.

Such is not the situation in the case at hand. The provisions of the statutes under consideration are clear and are not in need of interpretation.[1]

---

[1] By way of example, 49 U.S.C.A. § 32705 provides that:

> Under regulations prescribed by the Secretary of Transportation that include the way in which information is disclosed and retained under this section, a person transferring ownership of a motor vehicle shall give the transferee the following written disclosure:
>
> 1. (A) Disclosure of the cumulative mileage registered on the odometer.
>    (B) Disclosure that the actual mileage is unknown, if the transferor knows that the odometer reading is different from the number of miles the vehicle has actually traveled.

The statute further provides that:

> (c) Leased motor vehicles.--(1) For a leased motor vehicle, the regulations prescribed under subsection (a) of this section shall require written disclosure about mileage to be made by the lessee to the lessor when the lessor transfers ownership of that vehicle.

The task of the state court will be to apply the statutes to the facts of the case. The state court will not be required to interpret the interplay between different federal statutes. Also, in *Ayres*, the "resolution of [the] case depend[ed] entirely on interpretation of the federal mail and wire fraud statutes and their interaction with the Safety Act." *Ayres* at 518. Plaintiff's claims do not depend entirely upon the interpretation of the federal statutes and regulations.

Finally, it should be noted that Congress authorized filing both FOA and TILA claims in state court. In making the jurisdiction concurrent, Congress recognized the authority of the state courts to interpret those statutes. In so doing, Congress obviously concluded that the federal interest in interpreting the statutes was not so substantial to warrant exclusive jurisdiction in the federal court.

The removing defendants have failed to meet their burden of demonstrating that there exists in this case a disputed question of federal law that is substantial enough to qualify as "one of those exceptional cases" requiring that a federal court decide it.

---

V.    Conclusion.

The Court concludes that it is without jurisdiction to decide this case. Accordingly, the plaintiffs' motion to remand will be granted and this cause will be remanded to the Circuit Court of Jefferson County, Alabama, Bessemer Division, whence it was improvidently removed.  A separate order will be entered.

Done this <u>18th</u> day of <u>March 2005</u>.

_____
L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE
124153